# Exhibit 1



# COMMONWEALTH OF MASSACHUSETTS
## Office of Consumer Affairs and Business Regulation
### DIVISION OF INSURANCE

1000 Washington Street • Suite 810 • Boston, MA  02118-6200
(617) 521-7794 • FAX (617) 521-7475
http://www.mass.gov/doi

*MPA-70695*

**CHARLES D. BAKER**
GOVERNOR

**KARYN E. POLITO**
LIEUTENANT GOVERNOR

**JAY ASH**
SECRETARY OF HOUSING AND
ECONOMIC DEVELOPMENT

**JOHN C. CHAPMAN**
UNDERSECRETARY

**GARY D. ANDERSON**
COMMISSIONER OF INSURANCE

November 6, 2017

VERMONT MUTUAL INSURANCE COMPANY
Attn: Richard Bland
89 State Street
Montpelier, VT 05602

Re: Service of Process

Dear Mr. Bland:

Enclosed you will find legal process which was served upon the Commissioner of Insurance, in his capacity as attorney and registered agent for, Service of Process* for a foreign insurance company, as provided for in Massachusetts General Laws, Chapter 175, §151(3) and §154.

\* **Please note: All future inquiry or correspondence should be directed to the attention of the attorney of record of the enclosed documents.**

Sincerely,

Steven Zavackis
Legal Division
(617) 521-7432

Enclosure(s)

## Commonwealth of Massachusetts

SUFFOLK, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO.  SUCV2017-02738-BLS2

JONATHAN MARTINS, on
behalf of himself and
all others similarly PLAINTIFF(S),
situated

v.

VERMONT MUTUAL        , DEFENDANT(S)
INSURANCE GROUP

### SUMMONS

THIS SUMMONS IS DIRECTED TO VERMONT MUTUAL INSURANCE  . (Defendant's name)
                              GROUP

**You are being sued.**  The Plaintiff(s) named above has started a lawsuit against you. A copy of the
Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been
filed in the Suffolk Superior Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide
   the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the
   opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect
   to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an
   extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a
   copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
   a. Filing your signed original response with the Clerk's Office for Civil Business, Suffolk Superior  Court,
      3 Pemberton Square
      Boston, MA (address), by mail or in person, **AND**
   b. Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following
      address: 2 Salem Green, Salem, MA 01970.

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer
   must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint.
   Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to
   use them in court. If you have any claims against the Plaintiff (referred to as counterclaims) that are
   based on the same facts or transaction described in the Complaint, then you must include those claims
   in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this
   lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your
   Answer or in a written demand for a jury trial that you must send to the other side and file with the
   court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a
   **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion
   to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If
   you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions"
   described in the rules of the Court in which the complaint was filed, available at
   www.mass.gov.courts/case-legal-res/rules of court.

4.      Legal Assistance. You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5.      Required information on all filings: The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on ___October 20___, 2017___.

*Michael Joseph Donovan*

Michael Joseph Donovan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, 20____, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5)):

_____

_____

_____

Dated: _____, 20____    Signature: _____

N.B.    TO PROCESS SERVER:

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX – BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT
CA No. SUCV- 2017-02738-BLS2

JONATHAN MARTINS,
on behalf of himself and all others
similarly situated,
    Plaintiff,

    vs.

VERMONT MUTUAL INSURANCE
GROUP,
    Defendant.

## PLAINTIFF'S FIRST AMENDED COMPLAINT
## AND DEMAND FOR JURY TRIAL

    Plaintiff, Jonathan Martins (hereafter "Martins" or "Plaintiff"), hereby brings this action on

behalf of himself and all others similarly situated against Defendant, Vermont Mutual Insurance Group

(hereafter "Vermont Mutual" or "Defendant") to recover the fair market value of damages for himself

and the Class, as defined herein, arising from Vermont Mutual's willful and knowing unlawful practice

and policy of refusing and failing to tender equitable amounts to third-party claimants for diminution in

value of their automobiles, in violation of Massachusetts Law.

## THE PARTIES

1. Plaintiff, Jonathan Martins, is a resident of Malden, Massachusetts.

2. Defendant, Vermont Mutual Insurance Company, is an insurance company, with a principal office

    located in Montpelier, Vermont and a registered agent located at 1000 Washington St. #810, Boston,

    Massachusetts. At all relevant times hereto, Vermont Mutual was in the business of providing

    professional and personal insurance to individual consumers throughout Massachusetts.

## FACTUAL ALLEGATIONS

3. On January 23, 2017, Martins' 2015 Nissan was involved in a collision involving a Vermont Mutual insured, Elhadjmamado Dansoko ("Accident").

4. The Accident caused Martins' vehicle to sustain damage.

5. At the time of the Accident, Elhadjmamado Dansoko was insured under a policy of insurance issued by Vermont Mutual, which policy included indemnity benefits available to pay for third-party property damage ("Policy").

6. Martins made a demand for payment to for diminished value to Vermont Mutual relating to the property damage his vehicle sustained as a result of the acts of its insured.

7. Vermont Mutual possessed all information necessary to fully adjust Martins' property damage claim.

8. Vermont Mutual possessed all information necessary to fully adjust Martins' property damage claim, including compensation for the diminished value of Martins' vehicle.

9. Vermont Mutual determined that its insured was liable for the damage to Martins' vehicle.

10. Martins cooperated with and complied with all requests made by Vermont Mutual in connection with his claim.

11. Vermont Mutual collects, retains and stores all information necessary for Vermont Mutual to fully adjust Martins' property damage claim.

12. A vehicle that has been involved in a collision and has suffered damage (even if subsequently repaired) is worth less in the resale market than a comparable vehicle that has not suffered such damage.

13. A vehicle that has been involved in a collision and has suffered damage (even if subsequently repaired) is worth less in the resale market than a comparable vehicle that has not suffered such damage, this is known as inherent diminished value.

2

14. Vermont Mutual was required to tender/pay to Martins monies for all property damage to Martins' vehicle as a result of its insured's liability.

15. Vermont Mutual was required to tender/pay, on behalf of its insured, all sums the insured would become legally obligated to tender/pay as damages for destruction of property, including diminution in value, caused by the collision.

16. Vermont Mutual was required to tender/pay Martins for the fair market value of the diminution in value sustained by his vehicle under Massachusetts statutory and/or regulatory law when adjusting this claim.

17. Vermont Mutual was required to tender/pay Martins the fair market value of the diminution in value his vehicle sustained under the provisions of the Policy it issued to its insured.

18. Vermont Mutual was required to tender/pay Martins the fair market value of the diminution in value his vehicle sustained under Massachusetts common-law.

19. Vermont Mutual's did not tender the fair market value of the diminution in value Martin's vehicle sustained as a result of the Accident.

20. Martins' vehicle is now worth less in the resale market than a comparable vehicle that has not suffered such damage from a collision.

21. Inherent diminished value is calculated as the difference between the market value of an automobile immediately before a collision, and its market value after the collision and repair.

22. Vermont Mutual recognizes that a vehicle which suffers property damage also suffers a diminution in value.

23. Vermont Mutual was required to pay Martins damages for the diminution in value to his vehicle due to the subject collision.

24. Vermont Mutual purposefully refused to pay Martins the fair market value of the diminution in value his vehicle sustained despite its reasonably clear liability to make payments for the same.

25. Vermont Mutual failed to tender/pay Martins the fair market value of the diminution in value his vehicle sustained at the time it adjusted and made an offer to Martins' on his claim.

26. Vermont Mutual violated Massachusetts law by failing to determine and tender the fair market value of the diminution in value damages owed to Martins.

27. Vermont Mutual violated the terms of the Policy by failing to determine and tender the fair market value of the diminution in value damages owed to Martins.

28. Vermont Mutual's acts and omissions as outlined herein were committed willfully, knowingly and in bad faith.

29. Vermont Mutual has engaged in substantially similar violations of Massachusetts law as described herein with respect to numerous similarly situated third-party claimants.

30. Vermont Mutual has engaged in substantially similar violations of its insurance policies as described herein with respect to numerous similarly situated third-party claimants.

31. Vermont Mutual fails to pay/tender to third-party claimants' the fair market value of the diminution in value damages even after it determines that its insured is liable for damages to the vehicle of the third-party claimant.

32. At all times relevant hereto, Vermont Mutual was engaged in trade and/or commerce as defined by M.G.L. c. 93A.

33. On or about August 23, 2017, Martins, through Counsel, sent Vermont Mutual the requisite M.G.L. c. 93A, § 9(3) class-wide demand.

34. Martins' M.G.L. c. 93A, § 9(3) class-wide demand sought relief for Martins and all other similarly situated third-party property damage claimants for whom Vermont Mutual failed to determine and tender diminution in value damages.

35. On or about September 22, 2017, Vermont Mutual, through counsel, responded to Martins' M.G.L. c. 93A, § 9(3) class-wide demand.

36. Vermont Mutual' response to Martins' M.G.L. c. 93A, § 9(3) class-wide demand was unreasonable.

37. Vermont Mutual's response to Martins' M.G.L. c. 93A, § 9(3) class-wide demand was made in bad faith.

38. Martins and other similarly situated individuals have been harmed and damaged by Vermont Mutual's claims settlement practices as described herein, including but not limited to: monies owed to third-party claimants for diminution in value to their vehicles (with interest thereon).

## CLASS ALLEGATIONS

39. Martins, on behalf of himself and others similarly situated, brings this action as a class action in accordance with Massachusetts Rule of Civil Procedure 23 and M.G.L. c. 93A.

40. Martins and the Class of persons he seeks to represent include:

> All third-party claimants who, presented to Vermont Mutual a third-party automobile damage claim against a Vermont Mutual insured, and wherein: (a) Vermont Mutual determined that its insured (or insured vehicle operator) was/were legally liable for the loss to the claimant's automobile; (b) Vermont Mutual appraised and assessed the claimant's third-party property damage claim without including the fair market value of the consideration for diminution of value suffered by the automobile; and (c) Vermont Mutual and the third-party claimant have not presently settled the diminution in value portion of the property damage claim.

> Excluded from the Class: All individuals who accepted a payment from Vermont Mutual in purported consideration of said individual's diminution in value claim, or who may presently have a civil action pending against Vermont Mutual regarding the subject dispute (excepting Martins).

41. When Vermont Mutual determines one of their insureds is liable for a third-party property damage claim, Vermont Mutual has a business practice of collecting, retaining and storing all necessary information to fully adjust property damage claims, including adjusting the diminished value of the claimant's vehicle.

42. Vermont Mutual has a business practice wherein it recognizes that a vehicle which suffers property damage also suffers a diminution in value.

43. Vermont Mutual was required to pay Martins and the Class damages for the diminution in value to their vehicles at the same time it made payment on the repair costs portion of the property damage claim.

44. Vermont Mutual was required to tender/pay Martins and the Class for the fair market value of the diminution in value of their vehicles under Massachusetts statutory and/or regulatory law at the same time it made payment on the repair costs portion of their property damage claims.

45. Vermont Mutual was required to tender/pay Martins and the Class for the fair market value of the diminution in value of their vehicles under Massachusetts common-law at the same time it made payment on the repair costs portion of their property damage claims.

46. Vermont Mutual was required to tender/pay Martins and the Class for the fair market value of the diminution in value of their vehicles under the policies issued to its insureds at the same time it made payment on the repair costs portion of their property damage claims.

47. Vermont Mutual failed to tender/pay Martins and the Class for the fair market value of the diminution in value their vehicles suffered.

48. Vermont Mutual has a business practice wherein it purposefully refused to pay Martins and the Class the fair market value of the diminution in value despite its reasonably clear liability to make payments for the same.

49. Vermont Mutual has a business practice of failing to tender the fair market value of the diminution in value damages at the time when it tenders an offer of settlement to third-party claimants for property damage claims.

50. Vermont Mutual violated Massachusetts law by failing to determine and tender the fair market value of the diminution in value damages owed to Martins and the Class.

51. Vermont Mutual violated the terms of the policies issued to its insured by failing to determine and tender the fair market value of the diminution in value damages owed to Martins and the Class.

52. Vermont Mutual's acts and omissions as outlined herein were committed willfully, knowingly and in bad faith.

53. The members of the Class are so numerous that joinder of all members would be impracticable.

54. The members of the Class are readily ascertainable, as Vermont Mutual collects, maintains and stores all information related to third party property damage claims that Vermont Mutual receives.

55. Martins' claims are typical of the claims of other members of the Class, as all members of the Class have been similarly affected by Vermont Mutual's failure to tender and/or pay diminution in value damages on third-party property damage claims.

56. Martins will fairly and adequately protect the interests of the Class and is represented by counsel experienced in complex class action litigation.

57. Common questions of law and fact exist and predominate over any questions of law or fact which may affect only individual Class Members. Common questions of law and fact include:

    A.    Whether Martins and the Class are entitled diminution in value damages as part of their third-party property damage claims;

    B.    Whether Vermont Mutual's failure to tender and/or pay the fair market value of the diminution in value damages on third-party claims constitutes a violation of, *inter alia*: M.G.L. c. 176D, § 3(9)(c); M.G.L. c. 176D, § 3(9)(d); M.G.L. c. 176D, § 3(9)(f) and/or M.G.L. c. 176D, § 3(9)(n), and if so whether such acts were committed willfully and/or knowingly;

    C.    Whether Vermont Mutual's failure to tender and/or pay the fair market value of the diminution in value damages on third-party claims constitutes a violation of M.G.L. c. 93A, § 2;

D.   Whether Vermont Mutual's failure to tender and/or pay the fair market value of the diminution in value damages to third-party property damage claimants violates its duties under the terms of the policies it issued to its insureds;

E.   Whether Vermont Mutual's failure to tender and/or pay the fair market value of the diminution in value damages to third-party property damage claimants violates other Massachusetts Statutory and/or regulatory law.

F.   The applicable statute of limitations to be determined on any or all of the successful causes of action;

G.   Whether Vermont Mutual should be permanently enjoined from continuing the practice which is the subject matter of this civil action; and

H.   Whether Martins and/or the Class are entitled to damages, and if so the proper measure of damages.

58. A class action will cause an orderly and expeditious administration of the claims of the Class.

59. A class action will foster economies of time, effort and expense to ensure uniformity of decisions, presenting the most efficient manner of adjudicating the claims set forth herein.

### COUNT I
### BREACH OF CONTRACT

60. Martins and the Class repeat and re-allege the allegations set forth above.

61. The Policy of insurance issued by Vermont Mutual to its insured, constituted a valid/binding contract.

62. The policies of insurance issued by Vermont Mutual to its other insureds (against whom Class members made property-damage claims) constituted contracts.

63. Vermont Mutual insurance policies included a promise to pay Martins and Class Members, when Vermont Mutual insureds were found to be liable for amounts that a third-party claimant would be legally entitled to collect.

8

64. Vermont Mutual insurance policies included a promise to pay Martins and Class Members, when Vermont Mutual insureds are found to be liable for amounts that a third-party claimant would be legally entitled to collect, which amounts included diminution in value damages.

65. Vermont Mutual determined that their insureds were liable for property damage to Martin and other Class Member's vehicles.

66. Martins and Class Members were intended third-party beneficiaries of the insurance policies issued by Vermont Mutual to its insureds (against whom Class members made property-damage claims).

67. Vermont Mutual's partial payments to Martins and Class Members constituted recognition that Martins and Class Members were the intended beneficiaries of the polices of insurance issued by Vermont Mutual to its insureds.

68. Vermont Mutual was required to pay the fair market value of the diminution in value damages to Martins and Class Members in accordance with the terms of the policies issued to its insureds.

69. Vermont Mutual did not pay the fair market value of the diminution in value damages to Martins and Class Members in accordance with the terms of the policies issued to its insureds.

70. Vermont Mutual's failure to pay the fair market value of the diminution in value damages to Martins and Class Members in accordance with the terms of the policies issued to its insureds constituted breach(es) of contract.

71. Martins and Class Members have suffered damages as a result of Vermont Mutual's breach(es) of contract, including, but not necessarily limited to, all unpaid fair market value of the diminution in value damages, with interest thereon.

   **WHEREFORE**, Martins and Class Members respectfully request that this Court enter Judgment against Vermont Mutual for its breach(es) of contract and award damages to adequately compensate Plaintiff and the Class.

## COUNT II
## VIOLATIONS OF M.G.L. c. 93A

72. Martins repeats and re-allege the allegations set forth above.

73. Martins alleges that the acts and omissions of Vermont Mutual, as set forth herein, were committed willfully, knowingly and/or in bad faith.

74. Inherent diminished value is calculated as the difference between the market value of an automobile immediately before a collision, and its market value after a collision and repair.

75. Vermont Mutual recognizes that a vehicle which suffers property damage may also suffer a diminution in value.

76. Vermont Mutual was legally required to pay Martins the fair market value of the diminution in value to his vehicle as a result of the subject collision.

77. Vermont Mutual was legally required to pay Martins an amount equal to the fair market value for the diminution in value damage which his vehicle sustained as a result of the Accident.

78. Vermont Mutual tendered to Martins an inequitable offer significantly below the fair market value of the diminution of value that Martins' vehicle sustained as a result of the Accident.

79. Vermont Mutual failed to tender to Martins the fair market value for the diminution in value damage that his vehicle sustained as a result of the Accident.

80. Vermont Mutual has acted in a similar manner with respect to numerous other Class Members.

81. Vermont Mutual failed to tender to other Class Members the fair market value of the diminution of value damages Class members' vehicles sustained as a result of the negligent acts of Vermont Mutual's insureds.

82. Vermont Mutual has a business policy and practice of not adjusting diminution in value claims when adjusting third-party property damage claims, unless specifically demanded to do so by the third-party claimant.

83. Failing to determine diminution in value damages to third-party damage claimants, as set forth herein, is an unfair and deceptive business practice.

84. Failing to tender diminution in value damages to third-party damage claimants, as set forth herein, is an unfair and deceptive business practice.

85. Failing to determine diminution in value damages to third-party damage claimants, in accordance with the requirements of the standard auto policy is an unfair and deceptive business practice.

86. Failing to tender diminution in value damages to third-party damage claimants, in accordance with the requirements of the standard auto policy is an unfair and deceptive business practice.

87. As a result of Vermont Mutual's failure to determine, and tender, the fair market value of the diminution of value damages suffered by Martins and the Class, Martins and Class Members have been damaged.

88. As a result of Vermont Mutual's failure to determine, and tender, diminution in value damages in connection with their third-party property damage claims, Martins and Class Members have suffered damages, including but not limited to, the fair market value of the diminution in value sustained by the subject vehicles, with interest thereon.

   **WHEREFORE**, Martins respectfully requests that this Court enter Judgment against Vermont Mutual for its violations of M.G.L. c. 93A and award multiple damages, costs and attorneys' fees to adequately compensate Plaintiff and the Class.

## COUNT III
### VIOLATIONS OF M.G.L. c. 93A
(For Violations of M.G.L. c. 176D, § 3(9)(c))

89. Martins repeats and re-allege the allegations set forth above.

90. Martins alleges that the acts and omissions of Vermont Mutual, as set forth herein, were committed willfully, knowingly and/or in bad faith.

11

91. Inherent diminished value is calculated as the difference between the market value of an automobile immediately before a collision, and its market value after the collision and repair.

92. Vermont Mutual recognizes that a vehicle which suffers property damage also suffers a diminution in value.

93. Pursuant to M.G.L. c. 176D, § 3(9)(c), Vermont Mutual was required, *inter alia*, to adopt and implement reasonable standards for the prompt investigation of claims arising under its insurance policies.

94. Vermont Mutual failed to adopt and implement reasonable standards for the prompt investigation of all aspects of third-party property damages claims, including but not limited to, reasonably assessing Martins' and Class Members' respective diminution in value damages.

95. By failing to adopt and implement reasonable standards for the prompt investigation of all aspects of Martins' property damage claim, including the fair market value of the diminution in value damage his vehicle sustained, Vermont Mutual failed to tender Martins the fair market value of the diminution in value damage that his vehicle sustained.

96. By failing to adopt and implement reasonable standards for the prompt investigation of all aspects of other Class Members' respective property damage claims, including the diminution in value of their vehicles, Vermont Mutual has failed to tender to other Class Members the fair market value of the diminution in value damages their vehicles sustained.

97. Vermont Mutual's acts and omissions as set forth herein constitute violations of M.G.L. c. 176D, § 3(9)(c).

98. A violation of M.G.L. c. 176D, § 3(9)(c) is a *per se* violation of M.G.L. c. 93A, §§ 2 and 9.

99. Vermont Mutual's acts and practices, as described herein, were committed willfully, knowingly and/or in bad faith.

100. As a result of Vermont Mutual's violations of M.G.L. c. 176D, § 3(9)(c) and M.G.L. c. 93A, § 2 (as set forth herein), Martins and Class Members have been damaged.

101. As a result of Vermont Mutual's violations of M.G.L. c. 176D, § 3(9)(c) and M.G.L. c. 93A, § 2 (as set forth herein), Martins and Class Members have suffered damages, including but not limited to, the unpaid fair market value of the diminution in value damage that their vehicles sustained, with interest thereon.

   WHEREFORE, Martins respectfully requests that this Court enter Judgment against Vermont Mutual for its violations of M.G.L. c. 176D, § 3(9)(c) and M.G.L. c. 93A and award multiple damages, costs and attorneys' fees to adequately compensate Plaintiff and the Class.

## COUNT IV
## VIOLATIONS OF M.G.L. c. 93A
## (For Violations of M.G.L. c. 176D, § 3(9)(d))

102. Martins repeats and re-allege the allegations set forth above.

103. Martins alleges that the acts and omissions of Vermont Mutual, as set forth herein, were committed willfully, knowingly and/or in bad faith.

104. Inherent diminished value is calculated as the difference between the market value of an automobile immediately before a collision, and its market value after the collision and repair.

105. Vermont Mutual recognizes that a vehicle which suffers property damage may also suffer a diminution in value.

106. Pursuant to M.G.L. c. 176D, § 3(9)(d), Vermont Mutual was not permitted to, *inter alia*, fail and/or refuse to pay a claim without conducting a reasonable investigation based upon all available information.

107. Pursuant to M.G.L. c. 176D, § 3(9)(d), Vermont Mutual was not permitted to, *inter alia*, fail and/or refuse to pay Martins and Class Members third-party property damage claims, including the fair

market value of the diminution in value damages that their vehicles sustained, without conducting a reasonable investigation based upon all available information.

108. Vermont Mutual did not conduct a reasonable investigation based upon all available information with respect to Martins' fair market value of the diminution in value damage his vehicle sustained, but rather tendered inequitably to Martins without first conducting such a reasonable investigation.

109. Vermont Mutual did not conduct a reasonable investigation based upon all available information with respect to Class Member's respective diminution in value damages before refusing and/or failing to pay the fair market value of the diminution value damages with respect to their third-party property damage claims.

110. Vermont Mutual's acts and omissions as set forth herein constitute violations of M.G.L. c. 176D, § 3(9)(d).

111. A violation of M.G.L. c. 176D, § 3(9)(d) is a *per se* violation of M.G.L. c. 93A, §§ 2 and 9.

112. Vermont Mutual's acts and practices as described herein were committed willfully, knowingly and/or in bad faith.

113. As a result of Vermont Mutual's violations of M.G.L. c. 176D, § 3(9)(d) and M.G.L. c. 93A, § 2 (as set forth herein), Martins and Class Members have been damaged.

114. As a result of Vermont Mutual's violations of M.G.L. c. 176D, § 3(9)(d) and M.G.L. c. 93A, § 2 (as set forth herein), Martins and Class Members have suffered damages, including but not limited to, the unpaid fair market value of the diminution in value damage that their vehicles sustained, with interest thereon.

WHEREFORE, Martins respectfully requests that this Court enter Judgment against Vermont Mutual for its violations of M.G.L. c. 176D, § 3(9)(d) and M.G.L. c. 93A, § 2 and award multiple damages, costs and attorneys' fees to adequately compensate Plaintiff and the Class.

14

### COUNT V
### VIOLATIONS OF M.G.L. c. 93A
### (For Violations of M.G.L. c. 176D, § 3(9)(f))

115. Martins repeats and re-allege the allegations set forth above.

116. Martins alleges that the acts and omissions of Vermont Mutual, as set forth herein, were committed willfully, knowingly and/or in bad faith.

117. Inherent diminished value is calculated as the difference between the market value of an automobile immediately before a collision, and its market value after the collision and repair.

118. Vermont Mutual recognizes that a vehicle which suffers property damage may also suffer a diminution in value.

119. Vermont Mutual has a practice of tendering no offers or inequitable offers of settlement to third-party property damage claimants whose vehicles have suffered a diminution in value damage.

120. Offering an inequitable amount of damages regarding a claim involving diminution in value damages constitutes an unfair and deceptive business practice.

121. Offering no damage payment regarding a claim involving diminution in value damages constitutes an unfair and deceptive business practice.

122. Vermont Mutual was/is aware of its legal duty to pay Martins and Class Members the fair market value of the diminution in value damages Martins' and Class Members' vehicles sustained as part of their respective third-party property damage claims.

123. Vermont Mutual's legal duty to pay Martins and Class Members diminution in value damages as part of their respective third-party property damage claims was/is reasonably clear.

124. M.G.L. c. 176D, § 3(9)(f) mandates that an insurance company must effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear.

125. Vermont Mutual failed to effectuate a prompt, fair, and equitable settlement of Martins' diminution in value damages claim, which claim involved a claim of reasonably clear liability.

126. Vermont Mutual failed to effectuate a prompt, fair, and equitable settlement of Class Members' diminution in value damages claims, which claims involved claims of reasonably clear liability.

127. Vermont Mutual's acts and omissions as set forth herein constitute violations of M.G.L. c. 176D, § 3(9)(f).

128. A violation of M.G.L. c. 176D, § 3(9)(f) is a *per se* violation of M.G.L. c. 93A, §§ 2 and 9.

129. Vermont Mutual's acts and practices as described herein were committed willfully, knowingly and/or in bad faith.

130. As a result of Vermont Mutual's violations of M.G.L. c. 176D, § 3(9)(f) and M.G.L. c. 93A, § 2 (as set forth herein), Martins and Class Members have been damaged.

131. As a result of Vermont Mutual's violations of M.G.L. c. 176D, § 3(9)(f) and M.G.L. c. 93A, § 2 (as set forth herein), Martins and Class Members have suffered damages, including but not limited to, the unpaid amount of the fair market value of the diminution in value of their vehicles, with interest thereon.

WHEREFORE, Martins respectfully requests that this Court enter Judgment against Vermont Mutual for its violations of M.G.L. c. 176D, § 3(9)(f) and M.G.L. c. 93A and award multiple damages, costs and attorneys' fees to adequately compensate Plaintiff and the Class.

**COUNT VI**
**VIOLATIONS OF M.G.L. c. 93A**
**(For Violations of M.G.L. c. 176D, § 3(9)(n))**

132. Martins repeats and re-allege the allegations set forth above.

133. Martins alleges that the acts and omissions of Vermont Mutual, as set forth herein, were committed willfully, knowingly and/or in bad faith.

134. Inherent diminished value is calculated as the difference between the market value of an automobile immediately before a collision, and its market value after the collision and repair.

135. Vermont Mutual recognizes that a vehicle which suffers property damage may also suffer a diminution in value.

136. Vermont Mutual was/is aware of its legal duty to pay Martins and Class Members the fair market value of the diminution in value damages as part of their respective third-party property damage claims.

137. M.G.L. c. 176D, § 3(9)(n) mandates that it is an unfair claim settlement practice to fail "to provide promptly a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement."

138. Vermont Mutual failed to offer Martins the reasonable compensation for his fair market value of his diminution in value damages in connection with his third-party property damage claim and did not provide any reasonable explanation for the basis in the insurance policy in relation to the facts or applicable law for its offer of a compromised settlement.

139. Vermont Mutual has refused and/or failed to offer Class Members reasonable compensation for the fair market value of their diminution in value damages in connection with their third-party property damage claims and has not provided any reasonable explanation for the basis in the insurance policy in relation to the facts or applicable law for its refusal to tender a reasonable offer of compensation.

140. Vermont Mutual's acts and omissions as set forth herein constitute violations of M.G.L. c. 176D, § 3(9)(n).

141. A violation of M.G.L. c. 176D, § 3(9)(n) is a *per se* violation of M.G.L. c. 93A, § 2.

142. Vermont Mutual's acts and practices as described herein were committed willfully, knowingly and/or in bad faith.

143. As a result of Vermont Mutual's violations of M.G.L. c. 176D, § 3(9)(n) and M.G.L. c. 93A, § 2 (as set forth herein), Martins and Class Members have been damaged.

144. As a result of Vermont Mutual's violations of M.G.L. c. 176D, § 3(9)(n) and M.G.L. c. 93A, § 2 (as set forth herein), Martins and Class Members have suffered damages, including but not limited to, the unpaid fair market diminution in value that their vehicles sustained, with interest thereon.

     **WHEREFORE**, Martins respectfully requests that this Court enter Judgment against Vermont Mutual for its violations of M.G.L. c. 176D, § 3(9)(n) and M.G.L. c. 93A and award multiple damages, costs and attorneys' fees to adequately compensate Plaintiff and the Class.

## COUNT V
## DECLARATORY JUDGMENT

145. Martins and the Class repeat and re-allege the allegations set forth above.

146. There exists an actual controversy as to whether Vermont Mutual, pursuant to Massachusetts statutory, common law, and/or under the terms of its insurance policies, is required to include the fair market value of diminution in value damages when it tenders/pays third-party property damage repair claims.

147. Martins and the Class are entitled to a declaration as to what monies Vermont Mutual is legally required to pay third-party claimants when Vermont Mutual has determined that its insured is liable for the associated third-party property damage claim.

148. Martins and the Class are entitled to a declaration that all diminution in value damages should be, and are required to be, paid and/or tendered to third-party claimants once Vermont Mutual has determined its insured is liable for the associated third-party property damage claim.

     **WHEREFORE**, Martins and Class Members demand that this Honorable Court declare that Massachusetts law and the applicable provisions of the subject policies of insurance mandate that Vermont Mutual include in any and all tenders and/or payments to third-party claimants the requisite fair market value of the diminution in value damages as set forth herein.

## PRAYERS FOR RELIEF

**WHEREFORE**, Martins, on behalf of himself and all others similarly situated, demand judgment against Vermont Mutual as follows:

A.  An order determining that this action is a proper class action and certifying Martins as representative of the putative class;

B.  An order appointing Martins' counsel as competent legal representatives of the putative class in this action;

C.  An order determining that the acts of Vermont Mutual as described herein constituted breaches of contract;

D.  An order determining that the acts of Vermont Mutual as described herein constitute violations of any or all of the following statutes and regulations: M.G.L. c. 176D, § (3)(9)(c); M.G.L. c. 176D, § (3)(9)(d); M.G.L. c. 176D, § (3)(9)(f) and/or M.G.L. c. 176D, § 3(9)(n);

E.  An order determining that the acts of Vermont Mutual as described herein constitute violations of M.G.L. c. 93A, § 2;

F.  An order determining that the acts of Vermont Mutual as described herein were committed willfully, knowingly and/or in bad faith;

G.  An order awarding Martins and the Class actual damages (or multiple damages), together with interest, costs, and reasonable attorneys' fees;

H.  An order determining the appropriate statute of limitations applicable to this action;

I.  An order permanently enjoining Vermont Mutual from continuing the unlawful practice which is the subject matter of this action;

J.  An order awarding Martins an appropriate stipend for acting as class representatives; and

K.   An order awarding Martins and the class any further relief as may be just and
appropriate.

## JURY DEMAND

Martins, on behalf of himself and all others similarly situated, hereby demands trial by jury on

all counts of this Complaint, which are triable by a jury.

Respectfully submitted,
Plaintiff,
By his attorneys,

DATED:  October 13, 2017

Kevin J. McCullough, Esq.
BBO# 644480
kmcculough@forrestlamothe.com
John R. Yasi, Esq.
BBO# 556904
jyasi@forrestlamothe.com
Michael C. Forrest, Esq.
BBO# 681401
mforrest@forrestlamothe.com
2 Salem Green, Suite 2
Salem, MA  01970
617-231-7829

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court |
|---|---|---|

PLAINTIFF(S): JONATHAN MARTINS, on behalf of himself and all others similarly situated

ADDRESS:

COUNTY   Suffolk

DEFENDANT(S): VERMONT MUTUAL INSURANCE GROUP

ATTORNEY: Kevin J. McCullough, Esq.

ADDRESS: Forrest, LaMothe, Mazow, McCullough, Yasi & Yasi

2 Salem Green, Suite 2

Salem, MA 01970

ADDRESS:   Registered Agent:

1000 Washington Street, #810

Boston, MA 02118

BBO: #644480

**TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| A99 | Other Contract/Business Action | F | [X] YES   [ ] NO |

"If "Other" please describe:   Putative Class Claims For Violations of Massachusetts Auto Policy and Statutory Law.

**STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................................................................................. $ _____
2. Total doctor expenses ............................................................................................................... $ _____
3. Total chiropractic expenses ....................................................................................................... $ _____
4. Total physical therapy expenses ................................................................................................ $ _____
5. Total other expenses (describe below) ...................................................................................... $ _____
   Subtotal (A): $ _____

B. Documented lost wages and compensation to date .................................................................... $ _____
C. Documented property damages to dated .................................................................................... $ _____
D. Reasonably anticipated future medical and hospital expenses .................................................... $ _____
E. Reasonably anticipated lost wages ............................................................................................ $ _____
F. Other documented items of damages (describe below) ............................................................... $ _____

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

Putative class claims for defendant's alleged violations of Massachusetts Law, the Standard Automobile Policy, and various Massachusetts regulations related to Defendant's practice of refusing to pay the full amount due and owing to third-party automobile claimants, including refusing to pay diminished value.

TOTAL (A-F):$ $4,000,000

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

TOTAL: $ _____

Signature of Attorney/Pro Se Plaintiff: X                                    Date:

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**CERTIFICATION PURSUANT TO SJC RULE 1:18**

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X                                    Date: 08/23/17

| CIVIL TRACKING ORDER (STANDING ORDER 1- 88) | DOCKET NUMBER 1784CV02738 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| CASE NAME Jonathan Martins vs. Vermont Mutual Insurance Group | Michael Joseph Donovan, Clerk of Court |
|---|---|

| TO: Kevin John McCullough, Esq. Mazow/McCullough, P.C. 10 Derby Square 4th Floor Salem, MA 01970 | COURT NAME & ADDRESS Suffolk County Superior Court - Civil Suffolk County Courthouse, 12th Floor Three Pemberton Square Boston, MA 02108 |
|---|---|

## TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION                                    DEADLINE

| STAGES OF LITIGATION | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 11/27/2017 | |
| Response to the complaint filed (also see MRCP 12) | | 12/26/2017 | |
| All motions under MRCP 12, 19, and 20 | 12/26/2017 | 01/25/2018 | 02/26/2018 |
| All motions under MRCP 15 | 12/26/2017 | 01/25/2018 | 02/26/2018 |
| All discovery requests and depositions served and non-expert despositions completed | 06/25/2018 | | |
| All motions under MRCP 56 | 07/24/2018 | 08/23/2018 | |
| Final pre-trial conference held and/or firm trial date set | | | 12/21/2018 |
| Case shall be resolved and judgment shall issue by | | | 08/28/2019 |

**The final pre-trial deadline is <u>not the scheduled date of the conference</u>.** You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED 08/28/2017 | ASSISTANT CLERK Christine M Hayes | PHONE (617)788-8175 |
|---|---|---|

Date/Time Printed: 08-28-2017 13:20:29                                              SCV026: 11/2014

**Commonwealth of Massachusetts**
**County of Suffolk**
**The Superior Court**

CIVIL DOCKET#: **SUCV2017-02738-BLS2**

Case: Martins v. Vermont Mutual Ins. Group

### NOTICE OF TRANSFER TO
### BUSINESS LITIGATION SESSION

Upon review, the court orders this case transferred to the Business Litigation Session (BLS) and assigned to **BLS2**. In the future, all parties must include the initials "**BLS2**" at the end of the docket number on all filings, as shown above.

Counsel shall discuss with their clients and with opposing counsel whether the parties will participate in the BLS Discovery Project (counsel are directed to http://www.mass.gov/courts/court-info/trial-court/sc/sc-bls-gen.html for more information on the Project). Counsel may indicate their respective client's participation by completing, filing and serving the attached form.

Dated: _____9/14/17_____

Janet L. Sanders
Justice of the Superior Court &
Administrative Justice of the Business Litigation Session

## Commonwealth of Massachusetts
### County of Suffolk
### The Superior Court

CIVIL DOCKET#: _____

Case: _____

As you may know, the Business Litigation Session began implementing a Discovery Project in January, 2010. This project is available on a voluntary basis for all new cases accepted into the BLS and for cases which have not previously had an initial case management conference. Counsel should be prepared to discuss the project with the Court at the initial case management conference. For a detailed copy of the BLS Discovery Project, counsel are directed to the Trial Court home page at: http://www.mass.gov/courts/court-info/trial-court/sc/sc-bls-gen.html)

If a party is willing to participate in the project, that party's counsel should so indicate below and return this form to the appropriate session clerk.

Yes,_____ is willing to participate in the Discovery Project.
(Party's Name)

Case Name _____

Docket Number CIVIL DOCKET#: _____

Counsel For_____                    Date_____

Firm Name and Address:

_____

_____

_____

Please complete this form and return it to:

Helen Foley, Asst. Clerk     **OR**     Richard V. Muscato, Jr., Asst. Clerk
BLS1, Room 1309                          BLS2, Room 1017
3 Pemberton Square                       3 Pemberton Square
Boston, MA 02108                         Boston, MA 02108