**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
<table>
<tr><td>

**JONATHAN MARTINS, individually and**
**on behalf of all others similarly situated,**

        **Plaintiff,**

        **v.**

**VERMONT MUTUAL INSURANCE**
**COMPANY,**

        **Defendant.**

</td><td>

)
)
)
)
)
)
)
)
)
)
)
)
)

</td><td>

**Civil Action No.**
**17-12360-FDS**

</td></tr>
</table>

_____)

**MEMORANDUM AND ORDER ON PARTIES'**
**MOTIONS FOR SUMMARY JUDGMENT, PLAINTIFF'S MOTION FOR CLASS**
**CERTIFICATION, AND PLAINTIFF'S MOTION FOR LEAVE TO AMEND**

**SAYLOR, C.J.**

This is a putative class action concerning the scope of coverage of standard

Massachusetts automobile policies.  Jurisdiction is based on diversity of citizenship.

Plaintiff Jonathan Martins alleges that defendant Vermont Mutual Insurance Company

improperly failed to pay damages for the "inherent diminution in value" of his automobile after

an accident caused by one of its insureds.  "Inherent diminution in value" ("IDV") refers to the

stigma attached to a vehicle involved in an accident, which typically lowers the vehicle's market

value even after repairs have been made.  He seeks money damages and a declaratory judgment

that Massachusetts law requires insurers such as Vermont Mutual to pay such claims to third-

party claimants.  He also seeks to represent a class of similarly situated individuals.

In August 2019, the Court granted summary judgment in favor of Vermont Mutual on the

ground that the standard Massachusetts Automobile Policy did not provide coverage to third

parties for IDV damages.  Plaintiff appealed that decision to the First Circuit.  In October 2021, while that appeal was pending, the Massachusetts Supreme Judicial Court held the standard policy did, in fact, provide such coverage.  *McGilloway v. Safety Ins. Co.*, 488 Mass. 610, 614 (2021).  The First Circuit then vacated the grant of summary judgment and remanded the case for reconsideration in light of *McGilloway*.

After that remand, plaintiff voluntarily dismissed his claims under Mass. Gen. Laws ch. 93A and 176D, which were based on the actions of Vermont Mutual before the *McGilloway* decision.  He now has moved for leave to amend the complaint to add new claims under Chapters 93A and 176D, based on the insurer's actions after *McGilloway*.

When the Court granted summary judgment in 2019, it did not address all of the issues raised by the parties, and did not reach plaintiff's motion for class certification.  Although neither party has formally renewed those motions, both sides have agreed that the Court should resolve them, and have filed supplemental memoranda as to the remaining issues.

Accordingly, both parties are deemed to have cross-moved for summary judgment as to the two remaining counts (for breach of contract and for declaratory relief), and plaintiff is deemed to have moved for class certification, as he seeks to represent other claimants whose vehicles have been damaged by drivers insured by Vermont Mutual and who have not been paid IDV damages.  As noted, plaintiff also seeks to amend his complaint to add claims under Chapters 93A and 176D.

For the following reasons, the Court will deny plaintiff's motion to amend; deny plaintiff's motion for summary judgment; grant defendant's motion for summary judgment; and deny plaintiff's motion for class certification.

## I.    **Background**

On June 18, 2016, Jonathan Martins purchased a 2015 Nissan Altima for $20,472.  (Pl. Ex. 1).

On January 23, 2017, Martins's vehicle was damaged when it collided with a vehicle being driven by Elhadjmamado Dansoko.  (Pl. SUF ¶ 9).  At the time of the collision, Dansoko was insured under a policy issued by Vermont Mutual Insurance Company.  (Pl. SUF ¶ 17).

Dansoko's policy provided coverage for the period from January 20, 2017, to January 20, 2018. (Murray Aff. Ex. 2).  The policy used the 2008 edition of the Standard Massachusetts Automobile Insurance Policy.  (*Id.* Ex. 3).  Part 4 of the standard policy, titled "Damage to Someone Else's Property," provided that the insurer would

> pay damages to someone else whose auto or other property is damaged in an accident.  The damages we will pay are the amounts that person is legally entitled to collect for property damage through a court judgment or settlement. . . .  Damages include any applicable sales tax and the costs resulting from the loss of use of the damaged property.

(*Id.* Ex. 3 at 13).

Martins reported the accident to his insurer, Safety Insurance Company.  Safety paid him $11,711.80 to cover the full costs of repairs to his vehicle.  (Pl. SUF ¶¶ 19, 20; Murray Aff. Ex. 1).

In February 2017, Safety presented a subrogation claim to Vermont Mutual for the repairs to the vehicle.  (Murray Aff. Ex. 1).  After determining that Dansoko was liable for the accident, Vermont Mutual paid Safety $12,942.80, which included $11,711.80 for repairs, $331 for towing and storage, and $900 for a rental car.  (Pl. SUF ¶¶ 11, 20).  It appears that Vermont Mutual later paid Martins an additional $635.91 to cover the full expense of the rental car. (Murray Aff. Ex. 1).

On June 26, 2017, an attorney for Martins sent a letter to Vermont Mutual demanding payment of $6,129 for the "inherent diminished value" of the car.  (Pl. SUF ¶ 21-22; Michelle Martin Aff. ¶ 4).  On July 11, 2017, Michelle Martin, a Vermont Mutual Senior Claim Representative, responded by e-mail and made a settlement offer.  (*Id.* Ex. 5).

Martins does not appear to have responded to the offer.  He next contacted Vermont Mutual on August 23, 2017, when his attorney sent a demand letter under Mass. Gen. Laws ch. 93A.  (Pl. SUF ¶ 23; Martin Aff. Ex. 6).  Essentially, the letter contended that Vermont Mutual had a practice of intentionally and knowingly making unfair and unreasonably low offers to cover claims for IDV damages of third-party claimants.  (Martin Aff. Ex. 6 at 2-3).  The letter demanded that Vermont Mutual "immediately pay all reasonable diminution in value damages owed to [Martins] *and* [the other] class members."  (*Id.* at 4-6).

On August 23, 2017 (the same day that the Chapter 93A demand letter was sent), Martins filed an action against Vermont Mutual in Suffolk Superior Court.   The complaint asserted a claim for breach of contract and sought declaratory judgment.

On September 22, 2017, Vermont Mutual responded to the Chapter 93A demand letter, denying any liability to Martins or the putative class.  However, Vermont Mutual made an increased settlement offer to resolve the claim.  (Murray Aff. Ex. 7).  Martins rejected that offer.

On October 13, 2017, Martins filed an amended complaint in the Suffolk County Superior Court asserting breach of contract (Count 1); five claims under Chapter 93A, four of which were based on alleged violations of Mass. Gen. Laws ch. 176D, §§ 3(9)(c), (d), (f), and (n) (Counts 2-6); and a claim for declaratory relief (Count 7).  Vermont Mutual then removed the case to this court.

On August 14, 2019, the Court granted summary judgment for Vermont Mutual.  That

decision was based on a finding that Part 4 of the Standard Massachusetts Automobile Policy did not provide coverage for IDV damages.  Martins appealed to the First Circuit.

On October 19, 2021, while that appeal was pending, the Supreme Judicial Court held that Part 4 of the Standard Massachusetts Automobile Policy did, in fact, provide coverage to third parties for IDV damages.  *McGilloway v. Safety Ins. Co.*, 488 Mass. 610, 614 (2021).

Nine days later, on October 28, 2021, Martins sent a demand letter to Vermont Mutual under Mass. Gen. Laws ch. 176D and Mass Gen. Laws ch. 190, § 34O.  (Pl. Mem. Amend. at 3).  That letter requested that Vermont Mutual adjust both his claim seeking IDV damages and those of other potential class members.  (*Id.*).  Vermont Mutual responded on November 18, 2021, with an offer to adjust only Martins's personal claim by the payment of his original demand, plus $500; he refused the offer.  (*Id.*).

On November 9, 2021, the First Circuit vacated the grant of summary judgment and remanded the case for reconsideration in light of *McGilloway*.

On January 11, 2022, Martins stipulated to the dismissal of Counts 2, 3, 4, 5, and 6 (his claims under Chapter 93A and Chapter 176D).

The parties have submitted supplemental briefing concerning class certification and summary judgment.  On March 4, 2022, Martins followed up his October 2021 demand letter with another letter demanding adjustment and payment for his claim and those of the putative class; in response, Vermont Mutual again offered to adjust only Martins's claim.

Both parties have cross-moved for summary judgment as to Count 1 and Count 7, the remaining claims in the amended complaint.  Martins has also moved for class certification and

to amend his complaint to include new claims under Chapter 93A and Chapter 176D.[1]

## II.   **Amendment of the Complaint**

### A.   **Legal Standard**

Under the Federal Rules of Civil Procedure, a motion to amend the complaint is subject to different degrees of scrutiny depending on when it is filed.  Under Rule 15(a)(2), leave to amend a complaint shall be granted "freely . . . when justice so requires."  However, when, as here, a party moves to amend a pleading after the deadline prescribed by a written scheduling order, the party must establish "good cause" for modifying the deadline under Rule 16(b)(4). *See O'Connell v. Hyatt Hotels of P.R.*, 357 F.3d 152, 153-54 (1st Cir. 2004).  And when, as here, the motion to amend is filed after a motion for summary judgment has been filed and briefed, "a plaintiff is required to show 'substantial and convincing evidence' to justify a belated attempt to amend a complaint."  *Massachusetts Eye & Ear Infirmary v. QLT Phototherapeutics, Inc.*, 412 F.3d 215, 231 (1st Cir. 2005) (quoting *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004)).  Leave to amend may generally be denied on the basis of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  In determining whether to grant a motion to amend, the court must examine the totality of the circumstances and "exercise its informed discretion in constructing a balance of pertinent considerations."  *Palmer v. Champion Mortg.*, 465 F.3d 24, 30-31 (1st Cir. 2006).

---

[1] Plaintiff's memorandum in support of amendment asserts in the introduction that he seeks to add a claim for a regulatory violation, but his memorandum and proposed amended complaint make no further mention of such a claim.  (*See* Pl. Mem. Amend. at 1 (mentioning 940 Mass. Regs. Code § 3.17)).

B.     **Analysis**

Plaintiff seeks to amend the complaint to add class-wide claims under Mass. Gen. Laws ch. 93A (unfair and deceptive acts and practices) based on violations of Mass. Gen. Laws ch. 176D and 940 C.M.R. 3.17 (unfair claims settlement practices).  Defendant contends that the motion to amend should be denied due to undue delay and futility.

The original complaint asserted claims under Chapter 93A that alleged, in substance, that defendant's failure to investigate his claim for IDV damages, and to tender the fair market value of those damages, was an unfair and deceptive act or practice.  On August 14, 2019—before the SJC decision in *McGilloway*—the Court granted summary judgment in defendant's favor as to those claims.  Among other things, the Court noted the following:

> [T]here is no reason to conclude that the law of Massachusetts permits the recovery of damages in a tort action for the inherent diminished value of personal property.  No Massachusetts case has so held, and the case law as it exists suggests the contrary.  Furthermore, the Massachusetts Commissioner of Insurance has never taken the position that such damages are recoverable under a standard policy.  It follows that Vermont Mutual had no obligation to offer or pay Martins for the inherent diminution in value of his vehicle, because he would not have been legally entitled to collect for . . . [that] damage through a court judgment or settlement.

*Martins v. Vermont Mut. Ins. Co.*, 411 F. Supp. 3d 166, 172-73 (D. Mass. 2019) (quotation omitted).

After the First Circuit vacated that order and remanded the matter, plaintiff stipulated to the dismissal of his claims under Chapters 93A and 176D.  He now seeks to amend the complaint to assert new claims under Chapters 93A and 176D.  In substance, the proposed claims allege that after the SJC's decision in *McGilloway*, Vermont Mutual failed to tender IDV damages to him and to the putative class.  In his memorandum in support of the motion to amend, he acknowledges that defendant made a settlement offer to him as an individual, but contends that its refusal to make any offer to what he calls "the easily identifiable putative class of third-party

claimants" was unreasonable.  (Pl. Mem. Amend. at 5).

      **1.**      <u>**Undue Delay**</u>

      A party seeking to amend a complaint after the deadline set forth in a scheduling order

must demonstrate "good cause" for the delay.  *See O'Connell*, 357 F.3d at 154.  The reason for

the heightened standard under Rule 16 as compared with Rule 15 is to "preserve[ ] the integrity

and effectiveness of Rule 16(b) scheduling orders."  *Id.* at 155.  In analyzing the reasons for

delay, the court must "focus[ ] on the diligence (or lack thereof) of the moving party more than it

does on any prejudice to the party-opponent."  *Steir*, 383 F.3d at 12; *see also O'Connell*, 357

F.3d at 155 (1st Cir. 2004) ("Prejudice to the opposing party remains relevant but is not the

dominant criterion.").

      Plaintiff moved to amend the complaint on May 5, 2022.  The deadline for amendment to

the pleadings was March 29, 2018.  The deadline for filing dispositive motions was April 12,

2019.  Those deadlines were proposed by the parties and adopted by the Court.

      The legal landscape changed, of course, after the SJC's decision in *McGilloway*.  In

*McGilloway*, the court held (1) that Part 4 of the Standard Massachusetts Automobile Policy

provides coverage to third parties for IDV damages and (2) that an insurer who had previously

denied an IDV claim was not liable under Chapter 176D and Chapter 93A because its denial was

based on a good-faith interpretation of the standard policy.  *McGilloway*, 488 Mass. at 614, 618.

      That opinion was announced on October 19, 2021.  Nine days later, on October 28, 2021,

plaintiff's counsel sent a Chapter 93A demand letter to Vermont Mutual based on that decision.

The First Circuit remanded this case on November 9, 2021, at which point plaintiff was free to

seek an amendment to reflect the new decision.

      Instead, plaintiff took no action until March 9, 2022, when he sent another Chapter 93A

demand letter to Vermont Mutual.  On March 25, he filed a memorandum in this court stating that he "intends to re-file claims for Vermont Mutual[']s continued violations of [Chapter 176D and Chapter 93A]."  (Pl. Reply at 9, Mar. 25, 2022).  Even then, he did not actually file his motion seeking leave to amend until May 5, 2022—more than six months after *McGilloway*, and more than six months after his first Chapter 93A demand letter.

Plaintiff contends that his delay should be excused because a new violation occurred in the aftermath of *McGilloway*, when defendant failed to offer an adjustment to the members of the proposed class.  Even assuming that to be true, he certainly was aware of that theory within nine days, because it was set forth in his October 28, 2021 demand letter.  Indeed, he offers no real defense for the delay, except to say that *McGilloway* had "only recently" affirmed liability for IDV damages at the time of his motion for leave to amend.  (Pl. Mem. Amend. at 4).

The fact that the SJC decided *McGilloway* in October 2021 does not provide "sufficient explanation for the delay in seeking amendment" until May 2022.  *Cruz v. Bristol-Myers Squibb Co., PR, Inc.*, 699 F.3d 563, 570 (1st Cir. 2012).  The subsequent delay of more than half a year in seeking leave to amend was entirely unnecessary—particularly in light of the fact that no subsequent factual investigation was required, and plaintiff's "new" Chapter 93A theory is but a minor extension of his overall theory of the case.  Under the circumstances, good cause to amend is lacking.

### 2.    Futility

Furthermore, and in any event, the proposed amendment would be futile.  As set forth above, the *McGilloway* decision was issued on October 19, 2021.  On October 28, plaintiff sent a demand letter under Chapter 93A requesting that Vermont Mutual adjust both his personal claim seeking IDV damages and those of other potential class members.  Vermont Mutual responded

with an offer to adjust plaintiff's personal claim, but not those of other class members, which he refused to accept.  Plaintiff sent a further demand letter on March 4, 2022; again, the insurer offered to adjust only his personal claim, which he refused to accept.

To the extent that the proposed claim under Chapter 93A is directed to conduct that preceded the *McGilloway* decision, it is foreclosed by the Court's earlier summary-judgment decision.  Indeed, the *McGilloway* decision itself affirmed the trial court's dismissal of that plaintiff's claims under Chapters 93A and 176D.  *McGilloway*, 488 Mass. at 618.  Plaintiff nonetheless contends that the post-*McGilloway* conduct of Vermont Mutual mandates a different result.

Whether an insurer can be found liable under Chapter 93A for an unfair settlement practice turns in large part on whether the insurer had a duty to make an offer to settle, which in turn depends on whether liability was reasonably clear.  *See Clegg v. Butler*, 424 Mass. 413, 421 (1997) (holding that it is an unfair settlement practice for an insurer to fail to effectuate a prompt, fair, and equitable settlement of a claim in which liability has become reasonably clear, and that a third-party claimant can bring an action against a liability insurer who fails to do so).  Even assuming that Vermont Mutual had an obligation to make a settlement offer to plaintiff, it satisfied that obligation when it offered him $500 more than he demanded, reasonably promptly after the date of the demand.  Under the circumstances, there is simply no basis to conclude that Vermont Mutual violated Chapters 93A and 176D as to plaintiff himself.

Plaintiff nonetheless contends that the insurer's failure, after *McGilloway,* to tender a settlement as to the entire class represents an unfair or deceptive act or practice.  But that argument puts the cart before the horse.  If Vermont Mutual did not commit a violation of Chapter 93A as to plaintiff, it cannot have committed a violation as to the class—or, more

precisely, plaintiff cannot represent the class, because he has not suffered the same injury (or any injury at all).

Chapter 93A requires that relief tendered by the insurer be "reasonable in relation to the injury actually suffered *by the petitioner*."  Mass. Gen. Laws ch. 93A, § 9(3) (emphasis added). An insurer that does not know "the size of the eventual plaintiff class (if ever certified)," "the total extent of their eventually claimed damages," or "the actual scope and extent of the injuries to be alleged" cannot make an accurate damage evaluation.  *Richards v. Arteva Specialties S.A.R.L.*, 66 Mass. App. Ct. 726, 732-33 (2006); *see also Hermida v. Archstone*, 950 F. Supp. 2d 298, 306 (D. Mass. 2013) ("[The insurer] properly extended the offer only to the [individual plaintiffs who had sent a demand letter] . . . as it was not required to make a settlement offer to the uncertified class.").

In short, defendant's failure to tender a settlement to the entire class was not a violation of Chapter 93A.  And the Court cannot permit an amendment to add a class-action claim when the plaintiff himself is not even a member of the alleged class.  The proposed amendment would therefore be futile, as the amended complaint would not state a claim for violation of Chapter 93A.

Accordingly, plaintiffs' motion to amend will be denied.

**III.**  **Breach of Contract**

The parties have cross-moved for summary judgment as to Count 1, the claim for breach of contract.

**A.**  **Legal Standard**

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial."  *Mesnick v. General Elec. Co.*, 950 F.2d 816,

11

822 (1st Cir. 1991) (quoting *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 50 (1st Cir. 1990)).

Summary judgment shall be granted when "there is no genuine dispute as to any material fact

and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A genuine

issue is "one that must be decided at trial because the evidence, viewed in the light most

flattering to the nonmovant, would permit a rational factfinder to resolve the issue in favor of

either party." *Medina-Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990)

(citation omitted).  In evaluating a motion for summary judgment, the court must indulge all

reasonable inferences in favor of the nonmoving party. *See O'Connor v. Steeves*, 994 F.2d 905,

907 (1st Cir. 1993).  When "a properly supported motion for summary judgment is made, the

adverse party must set forth specific facts showing that there is a genuine issue for trial."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (internal quotation marks omitted).

The nonmoving party may not simply "rest upon mere allegation or denials of his pleading," but

instead must "present affirmative evidence." *Id.* at 256-57.

> **B.**    **Analysis**

Count 2 asserts a claim for breach of contract.  The contract at issue is the Standard

Massachusetts Automobile Policy issued by Vermont Mutual to Dansoko, its insured.  Plaintiff

contends that Vermont Mutual breached the contract by failing to pay him the fair market value

of his IDV damages.  He is not a party to the contract, but instead is suing as a third-party

beneficiary.  (Compl. ¶¶ 64-65).

If the claim for breach of contract were asserted against Vermont Mutual by Dansoko, the

insured, the liability of the insurer would be clear.  Under *McGilloway*, the policy provides

coverage for IDV damages to Dansoko's vehicle.  488 Mass. at 614.  And by statute, Vermont

Mutual would be responsible for those damages as soon as the loss arose.  *See* Mass. Gen. Laws

ch. 175, § 112 (providing that "the liability of an insurer shall become absolute whenever the loss or damage for which the insured is responsible occurs").

If plaintiff made a claim against Dansoko for IDV damages to plaintiff's vehicle, Vermont Mutual would likewise be responsible for providing indemnity to Dansoko for that claim. *McGilloway*, 488 Mass. at 614. Under § 112, Dansoko would not have to pay a judgment to plaintiff before becoming entitled to payment from Vermont Mutual. *See* Mass. Gen. Laws ch. 175, § 112 ("[T]he satisfaction by the insured of a final judgment for such loss or damage shall not be a condition precedent to the right or duty of the company to make payment on account of said loss or damage.").

The problem for plaintiff is that he has *not* asserted a claim against Dansoko; instead, his claim is against Vermont Mutual directly. For his claims under Chapters 93A and 176D, that would not matter. *See Clegg*, 424 Mass. at 421. But his claim of breach of contract, his failure to make a claim against Dansoko is problematic.

Under long-standing Massachusetts law, a third-party claimant (such as plaintiff) must obtain a judgment against an insured tortfeasor (such as Dansoko) before pursuing a claim against the tortfeasor's insurer. *Rogan v. Liberty Mut. Ins. Co.*, 305 Mass. 186, 188 (1940) ("The statutes affording a remedy for an injured plaintiff against an insurer issuing a liability policy require as a prerequisite to suit the recovery of a final judgment against the insured wrongdoer.") (citing Mass. Gen. Laws ch. 175, §§ 112, 113) (internal quotation marks removed)); *see also Tessier v. State Farm Mut. Ins. Co.*, 458 F.2d 1299, 1300 (1st Cir. 1972) ("First, a judgment must be obtained against the insured. Then the insurer may be pursued, if the judgment is not satisfied, by a bill to reach and apply."); *Lifchits v. Integon Nat'l Ins. Co.*, 2020 WL 4756272, at *5 (D. Mass. 2020)

Plaintiff has not obtained a final judgment against Dansoko—in fact, he has not even brought suit against him.  Under *Rogan*, therefore, Vermont Mutual has no contractual obligation to pay damages to him.  Nor is there any possibility, at this stage, that he will be able to obtain such a judgment; more than three years have elapsed since the accident, and accordingly any tort claim he may have against Dansoko is time-barred.  *See* Mass. Gen. Laws ch. 260, § 2A. Plaintiff nonetheless contends that *Rogan* does not apply for three reasons.

First, plaintiff contends that Mass. Gen. Laws ch. 175, § 112, requires that an insurer pay damages to a third-party claimant notwithstanding the absence of a final judgment.  That argument, however, misreads the statute.  Again, it provides that "the satisfaction by the insured of a final judgment for such loss or damage shall not be a condition precedent to the right or duty of the company to make payment on account of said loss or damage."  Mass. Gen. Laws ch. 175, § 112.  The statute does not eliminate *Rogan*'s requirement of a final judgment against the insured tortfeasor—in fact, the same statutory language was in effect when *Rogan* was decided. Rather, the statute allows a third-party claimant who has obtained a final judgment against the insured to compel an insurer to pay damages *even if* the insured tortfeasor has not satisfied that final judgment.

Second, plaintiff contends that Vermont Mutual has accepted liability by making payments to him arising from the accident, and is therefore estopped from contesting the legal liability of its insured.  Plaintiff cites no authority for that proposition.  Insurers routinely pay third parties harmed by the conduct of their insureds, based on their assessment of their insureds' potential liability.  That is not the same thing as conceding liability, or agreeing that a final judgment could enter that "conclusively establish[es]" the insured's liability and the scope of liability.  *Saunders v. Austin W. Fishing Corp.*, 352 Mass. 169, 174 (1967).  Vermont Mutual

14

therefore has not conceded either the insured's liability to plaintiff, or the scope of that liability, simply by making or offering payment to plaintiff.  Furthermore, such a principle would likely have far-reaching consequences—among other things, it would substantially inhibit prompt offers of settlement by insurers—and the Court will not adopt it in the absence of any guidance, let alone binding authority, from the state courts.

Third, and finally, plaintiff contends that *Rogan* is no longer good authority.  But the Supreme Judicial Court has never overruled the decision, and Massachusetts courts continue to cite it without acknowledging any exception.  *See, e.g.*, *Dorchester Mut. Ins. Co. v. Legeyt*, 2008 WL 5784218, at \*5 n.8 (Mass. Super. Ct. 2008); *Okereke v. Liberty Mut. Ins. Co.*, 85 Mass. App. Ct. 1127, 1127 n.1 (2014).[2]

It is certainly arguable that *Rogan* imposes an outdated and inefficient approach to addressing third-party claims.  If the insured need not pay a final judgment to a third party before collecting payment under the policy, it is not immediately obvious why a third party is required to obtain a final judgment against the insured before collecting payment under the policy as a third-party beneficiary.  But that is not what *Rogan* says.  If a different approach is warranted, that is for the SJC, not this Court, to decide.  *See Tessier*, 458 F.2d at 1300 ("It would be highly inappropriate for [this Court], in a diversity case, to make new law.").[3]

---

[2] Plaintiff's citation of *Flattery v. Gregory*, 397 Mass. 143 (1986), is unavailing.  There, the Supreme Judicial Court held that a plaintiff could recover, as a third-party beneficiary, against an insurance agent who had promised the driver responsible for plaintiff's injuries that he would obtain insurance coverage for the driver. *Flattery*, 397 Mass. at 150-51.  But the ruling followed a final judgment by the plaintiff against the purportedly insured driver. *Id.* at 144.  Presumably, if the plaintiff had not obtained that judgment, *Rogan* would have precluded his claim for breach of contract.  *Flattery* is therefore entirely consistent with *Rogan*.

[3] In any event, it is by no means clear that the interests of justice require that *Rogan* be overturned or limited; Vermont Mutual had an obligation under Chapter 176D to make a reasonable settlement offer to plaintiff regardless—and, indeed, it did so, offering him $500 more than the amount of his damages.

In summary, plaintiff has not obtained a final judgment against Dansoko, and therefore cannot bring a breach of contract claim against Vermont Mutual.  The Court will therefore deny plaintiff's motion for summary judgment as to Count 1 and grant defendant's cross-motion.

## IV.  **Class Certification**

Under Rule 23(a), class certification is appropriate "only if:  (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a).  Plaintiff must establish each of those elements; failure to establish any one will defeat class certification.  *See Smilow v. Southwestern Bell Mobile Sys., Inc.*, 323 F.3d 32, 38 (1st Cir. 2003).

Rule 23(a) thus requires that "the representative parties will fairly and adequately protect the interests of the class."  "[A] class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members."  *East Tex. Motor Freight Sys. Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977) (quoting *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 216 (1974)).

Here, plaintiff is not an adequate representative of the class because his only remaining claim necessarily fails as a matter of law.  Plaintiff's motion for class certification will therefore be denied.

## V.  **Declaratory Judgment**

Plaintiff also requests a declaratory judgment that Vermont Mutual must pay IDV damages to third-party claimants once it has determined that its insureds are liable for associated third-party property damage claims.  Because declaratory judgment is a form of relief, not a

cause of action, the failure of the remaining claim for breach of contract requires dismissal of

that claim as well.[4]  The Court will therefore deny plaintiff's motion for summary judgment as to

Count 7 and grant defendant's cross-motion.

## VI.   <u>Conclusion</u>

For the foregoing reasons, plaintiff's motion for leave to amend the complaint is

DENIED; plaintiff's motion for class certification is DENIED; plaintiff's motion for summary

judgment is DENIED; and defendant's motion for summary judgment is GRANTED.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV

Dated: March 13, 2023                    Chief Judge, United States District Court

---

[4] In any event, a declaratory judgment that the standard policy requires Vermont Mutual to pay IDV damages to third-party claimants would mirror exactly the decision in *McGilloway*. *McGilloway* leaves no doubt that insurers are required to pay IDV damages to third-party claimants, and therefore provides the declaratory relief that plaintiff seeks from this Court.  Defendant acknowledges that *McGilloway* obligates it to pay such damages. (Def. Mem. at 9, Mar. 4, 2022).  A declaratory judgment would not further clarify Massachusetts law, nor would it force defendant to accept a legal duty that it does not acknowledge.  *See In re Light Cigarettes Marketing Sales Pracs. Litig.*, 271 F.R.D. 402, 422 (D. Me. 2010) (finding that Rule 23(b)(2) certification would be not be appropriate in light of federal legislation providing relief broader than that sought by the plaintiff).